Shauck, C. J.
It is not doubted that the allegations of. the petition sufficiently charge negligence by the defendants in the mode of operating the ferry. The question is as to their liability for negligence. While the question remained unaffected by statute it was established as the common law of the state that county commissioners were not liable in their quasi-corporate capacity to an action for dámages for injury resulting to a private party from their negligence in the discharge of their official duties. It was so decided in 1857 in The Commissioners of Hamilton County v. Mighels,. 7 Ohio St., 110, where the reasons for the distinction in that regard between mere political subdivisions and municipal corporations are stated at length. In Finch v. The Board of Education, 30 Ohio St., 37, a like course of reasoning led to the conclusion that such a liability could not be successfully asserted against a board of education, and these decisions have been adverted to with approval in later cases. That such was the law of the state is admitted by counsel for the. defendant in error, and was doubtless known by the judges of the circuit court. *247 It is said, however, that the common law upon the subject has been changed by later legislation. The effect of legislation upon the asserted liability of the commissioners is the point of difference between the courts below as it is between counsel here.
Prior to April 13, 1894, one section of the statute, defining generally the powers and liabilities of county commissioners, conferred upon them all the authority which they now have with respect to roads and bridges, and it charged them with all the liability with which they are now charged except that provided by an amendment of that date, At the same time another section of the statute authorized them, whenever in their opinion the public good might require it, to establish and maintain a free ferry across a stream of water. On that day the section firstly referred to was amended by inserting therein the following provision: “And any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negligence or carelessness of such commissioners in keeping any such road or bridge in repair.” The view urged by counsel for the plaintiff is that we should regard the phrase of the amendment “any such road or bridge” as including a free ferry which the commissioners might see fit to establish and maintain. Since ferries are not mentioned in either the amendment or the amended section, it is obvious that the suggested interpretation would extend the section beyond the natural meaning of its terms. If, in contemplation of the Legislature, bridges and ferries are synonyms, it would scarcely have re *248 garded a special section as necessary to authorize the establishment and maintenance of the latter. We need not consider the suggestion that ferries, as well as bridges, are within the reason of the amendment; for interpretation requires that the meaning of the Legislature be ascertained from what it has enacted. We can not assume that the provision authorizing the establishment of free ferries was absent from the minds of the members of the Legislature when they enacted the amendment because it was in a different section of the statute, nor are we permitted to indulge in conjecture respecting their action if the provision had been in their minds. Nor is it a case in which a statute should be construed liberally for the purpose of accomplishing a clearly indicated purpose and to prevent the failure of the statute. If the suggested interpretation is rejected the statute will still operate, and its operation will be as broad as the appropriately indicated purposes of the Legislature. The argument does not really tend to show that the Legislature has provided for a liability of the commissioners because of their negligence in operating ferries, but rather it is a legislative, argument that ferries, as well as bridges, might have been included. To adjudge a liability on that view would be to legislate rather than to adjudicate. These and other like considerations have led to the formulation of the elementary and oft-repeated rule that statutes in derogation of the common law should not by interpretation be extended beyond their terms. Propriety will be observed, and certainty of interpretation will be promoted, if we assume that .the Legislature acts in view of *249 all legislation relating to the subjects in hand and with a comprehension of the established rules by which their intention will be ascertained.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Price, Summers, Spear and Davis, JJ., concur. Crew, J., not participating.